424 A.2d 1260

COMMONWEALTH of Pennsylvania,

v.

Herman John AYALA, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 22, 1980.

Decided Jan. 30, 1981.

John J. Thomas, Asst. Public Defender, Luzerne, for appellant.

Chester B. Muroski, Dist. Atty., Joseph P. Giovannini, Jr., Asst. Dist. Atty., Luzerne, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

420

O'BRIEN, Chief Justice.

Appellant, Herman John Ayala, pleaded guilty to criminal attempt to commit robbery and aggravated assault as a misdemeanor of the first degree on November 8, 1976. He was sentenced to consecutive terms of imprisonment of one-to-three years and two-to-four years, respectively. On appeal to the Superior Court of Pennsylvania he argued that the sentence did not comply with § 1357 of the Sentencing Code.[1] The Superior Court agreed with this argument, vacated the judgment of sentence and remanded the case for resentencing. *Commonwealth v. Ayala*, 258 Pa.Super. 583, 391 A.2d 673 (1978).

Appellant also argued in his appeal to Superior Court that the crime of criminal attempt to commit robbery in this case necessarily involved the crime of aggravated assault and that it was error for the trial court to impose separate consecutive sentences. The Superior Court affirmed the decision of the trial court on this issue and appellant filed a petition for allowance of appeal with this Court, which we granted. We now conclude that the trial court erred in sentencing appellant separately for each conviction.

The record reveals that the victim, an off-duty police officer, parked his automobile in the parking lot of a Luzerne County establishment, the Wyoming Eagles. Upon exiting his vehicle, he was approached by a young woman who requested, and received, a cigarette. The victim walked a short distance and was again approached by the same woman, this time requesting a cigarette for her friend. Again the victim complied with the request and again he walked away from her. A few seconds later he was approached by two men, appellant and an accomplice. The victim observed what he believed to be pipes in their hands,

1. Act of December 30, 1974, P.L. 1052, No. 345, 18 Pa.C.S.A. § 1357 provides, in pertinent part, "[w]henever the court determines that a sentence should be served consecutively to one being imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed."

although he later discovered that appellant actually had a masonry hammer in his grasp. As the victim tried to move away from the men appellant struck him on the left side of his head. They pursued him a short distance, rendering additional blows on the victim's shoulder and back of the neck. Finally, the victim identified himself as a police officer and reached back as if he had his gun. Appellant and his accomplice fled, leaving the victim bleeding profusely with severe lacerations requiring the victim's admittance to the hospital.

Appellant's argument that the trial court violated the doctrine of merger by sentencing separately and consecutively on the two charges to which appellant pleaded guilty is convincing. This court in *Com. ex rel. Shaddock v. Ashe,* 340 Pa. 286, 17 A.2d 190 (1940) stated that only one penalty may be imposed after conviction where the crimes charged arise from the same transaction and differ only in degree. In *Com. ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A.2d 920 (1941) we stated:

> "The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are 'successive steps in the same transaction' but it is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves both assault and larceny. The 'same transaction' test is valid only when 'transaction' means a *single act.* When the 'transaction' consists of two or more criminal acts, the fact that the two acts are 'successive' does not require the conclusion that they have merged. Two crimes *may be* successive steps in *one* crime and therefore merge, as, e. g., larceny is merged in robbery, and assault and battery is merged in murder, or they may be two distinct crimes which do not merge." *Id.,* 343 Pa. at 104, 105, 21 A.2d at 921. (Emphasis in original).

A reading of the above test indicates that a conviction for aggravated assault where only one victim is involved, as here, will merge with a conviction for criminal attempt to commit robbery for purposes of sentencing. Under the

present facts, the act of criminal attempt to commit robbery necessarily involved the act of aggravated assault. After the attempt to commit robbery was established, no additional facts were required to prove the aggravated assault. This is clear from the pertinent statutes, Act of December 6, 1972, P.L. 1482 No. 334, § 1, 18 Pa.C.S.A. §§ 901, 3701 and 2702, respectively.[2]

■ The Commonwealth briefly sets forth a compound argument. First, it claims that because both offenses to which appellant pleaded guilty are felonies of the second degree there is no greater nor lesser offense; thus neither could absorb the other. Additionally, the Commonwealth suggests that because the attempted robbery is an "incomplete" offense and aggravated assault is a completed offense "The fundamental principles of Mathematics [sic] tell us that any one part cannot be greater than the whole." Appellee's supplemental brief, p. 9. While we have no objection to the cited mathematical principium we must reject out of hand the Commonwealth's somewhat less than specific argument. As we stated at the outset, the record clearly indicates that appellant pleaded guilty to aggravated assault as a misdemeanor of the first degree, not a second degree felony as the Commonwealth claims. (N.T. at 3, November 8, 1976). Moreover, a test for merger based upon

---

2. Criminal attempt is defined as follows:
   "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime."
   "A person is guilty of robbery if, in the course of committing a theft, he:
      "(i) inflicts serious bodily injury upon another;
      "(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;"
   "A person is guilty of aggravated assault if he:
      "(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or

   *   *   *   *   *   *

      "(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon."

offenses' various classifications and their respective degrees within those classes has no basis in precedent or logic.

This Court dealt with the question of merger in *Commonwealth v. Nelson*, 452 Pa. 275, 305 A.2d 369 (1973). We held that the defendant could be sentenced for his assault and battery conviction only, as his convictions for assault and battery in resisting arrest and unlawfully resisting an officer in making an arrest merged with the assault and battery. Once the assault and battery was established, no additional facts were required to prove the other two offenses. Similarly, in *Commonwealth v. Jackson*, 271 Pa.Super. 131, 412 A.2d 610 (1979), the Superior Court stated that the defendant's convictions for recklessly endangering another person and aggravated assault merged with his robbery conviction. The key factor cited by the court in *Jackson* was the fact that once the robbery had been proved, no additional proof was necessary to prove the other two offenses.

The facts of the instant matter compel the same conclusion. A reading of the pertinent sections of the criminal complaint reveals that appellant was accused of criminal attempt when he "struck and hit [the victim] while attempting to commit the crime of robbery ..." As to the aggravated assault charge, appellant was accused of causing bodily injury when he "did attempt to commit the crime of robbery upon [the victim]; did strike and hit [the victim] over the head with a hammer causing injuries ..." It is clear that appellant pleaded guilty to striking the victim with the intent to commit a theft. Once the attempted robbery was established no additional facts were required to prove the aggravated assault. The activity involves one incident against one victim and may not be multiply punished by separate consecutive sentences.

Judgment of sentence for aggravated assault is hereby vacated. Judgment of sentence for criminal attempt to commit robbery is affirmed.

LARSEN, J., dissents.