439 A.2d 1199

**COMMONWEALTH of Pennsylvania**

v.

**David ARTIS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 27, 1981.

Filed Jan. 8, 1982.

278

David A. Artis, Sr., Graterford, appellant, in pro. per.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, McEWEN and BECK, JJ.

BECK, Judge:

On December 29, 1979, appellant engaged in a battle with John Wilson during which appellant stabbed Wilson once in the stomach with a kitchen knife. Appellant was arrested and incarcerated on April 17, 1980. On June 5, 1980, the District Attorney of Montgomery County lodged three Bills of Information against appellant, to wit:

| No. 1243–80 | Criminal Attempt – Murder |
| No. 1243.1–80 | Simple Assault – two counts<br>Aggravated Assault   two counts |
| No. 1243.2–80 | Recklessly Endangering Another Person |

All of the Bills of Information charged appellant with causing bodily injury to Wilson with a knife on December 29, 1979.

From June 12, 1980 up to and including November 10, 1980 appellant was represented by private counsel.

Trial by jury was held on October 16 and 17, 1980. The defense was justification. It was conceded that Wilson had initially attacked appellant, had been ejected from the

house, and had resumed fighting with appellant when appellant later emerged from the house carrying a kitchen knife. Appellant contended that he had carried the knife because he feared Wilson, a larger and heavier man, and feared Wilson would injure him. Appellant contended that Wilson was at all times the aggressor. The Commonwealth contended that appellant had become the aggressor or, in any event, had used excessive and unnecessary force in using a knife against a man armed only with a stick or board.

The jury voted on a verdict sheet which listed each of the four charges separately, each followed by "Guilty" and "Not Guilty" blocks for the juror to enter his or her vote. The jury was not asked to find as a matter of fact whether or not the act by appellant was "committed in a fight or scuffle entered into by mutual consent." [1]

The jury found appellant guilty of Recklessly Endangering Another and of Simple Assault and Not Guilty of the other charges.

The Sentencing Hearing was held [2] and sentence was imposed on November 10, 1980. The sentencing judge asked whether he had requested a pre-sentence report, and was told he had not. The District Attorney informed appellant that he would have to waive a pre-sentence report if he wanted sentencing to proceed, and appellant said he would waive it.

The sentencing judge listened to argument by defense counsel and the District Attorney, and listened to a statement by appellant. The sentencing judge then stated:

"On criminal action number 1283.2 of 1980 . . . defendant . . . is sentenced to pay the cost of prosecution and under-

---

1. 18 Pa.C.S. § 2701(b). While Simple Assault carries a grading of Misdemeanor of the Second grade, a finding that the act upon which the charges are based was "committed in a fight or scuffle entered into by mutual consent" reduces the grading of the crime to a Misdemeanor of the Third Degree. This question of fact is clearly one for the jury.

2. After appellant's successful Writ of Habeas Corpus challenging his transfer to State Prison without any sentence having been imposed.

go imprisonment for not less than nine months nor more than four years . . . . "

"On criminal action number 1283.1, count two, of 1980, in lieu of sentence the defendant is released on probation for a period of four years in the custody of the County Probation Officer upon condition you pay the cost of prosecution. This sentence is to commence upon your being released on parole on this charge."

The District Attorney then stated:

"I would like to point out that each one of these charges is a misdemeanor two; therefore, the maximum on each charge would be two years."

The judge then stated:

"On the maximum, drop that down to two and make the 1283.1, count two, a two year consecutive sentence on probation."

On the day of sentencing, appellant filed a pro se petition to Vacate and Reconsider Sentence. Three days later, appellant filed an Affidavit of Poverty seeking to proceed in forma pauperis. The court did not appoint counsel for appellant, and, on November 17, 1980, denied the pro se Petition to Vacate and Reconsider without hearing.

On this appeal, appellant challenges only the legality of his sentence. Appellant filed a pro se Notice of Appeal and was granted leave to proceed IFP on appeal. Appellant drafted his own brief and the matter was submitted without argument.

Appellant recites four grounds for finding his sentence illegal.

## FAILURE TO APPOINT COUNSEL FOR POST SENTENCE MOTIONS

█ Appellant asserts that at the time he filed his pro se Petition for reconsideration of his sentence, "he requested counsel to assist him." The record reflects no such direct request, but only a later request to proceed in forma pauperis. The Pennsylvania Rules of Criminal Procedure do re-

quire that the court advise a defendant of his right to be represented by counsel in post-trial matters: Rule 1123(c)(1) and Rule 1405(c)(4). Appellant was so advised by the trial judge. The record reflects that appellant was represented at the sentencing hearing, on November 10, the day the pro se petition was filed, by private counsel. No petition to withdraw as counsel appears of record. Appellant thus was formally "represented by counsel" and the court was entitled to so believe. Appellant's petition to proceed IFP was not filed until after the Petition for Reconsideration. The status of appellant's legal representation was not clarified of record at any time. Therefore, while summary disposition of post trial motions without legal representation is clearly undesirable, we do not find error in the circumstances of this case.

## RECITATION OF THE WRONG BILL OF INFORMATION

■ The criminal action numbers recited by the sentencing judge were not numbers under which appellant was charged. This error is clearly clerical and not substantive and did not result in confusion as to the offense and sentence intended. Furthermore, appellant never brought this error to the attention of the court for correction, and has therefore waived any right to object.

## MULTIPLE PUNISHMENT FOR SINGLE OFFENSE

■ Appellant argues that the imposition of two sentences under the guise of two offenses, where only one act was the basis for charge and sentence, is unlawful and requires reversal. We agree. The doctrine of merger of offenses is well and firmly established in the Commonwealth. A defendant sentenced for one crime may not receive additional sentences for the same act under a different name.[3] The question most frequently arises in the

---

**3.** See *Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981) holding that this is a violation of the constitutional prohibition against double jeopardy. "Where consecutive sentences are imposed

context of lesser and more serious offenses. This is because the prosecutors generally offer the jury a smorgasbord of offenses. Thus it was held in *Commonwealth ex rel. Shaddock v. Ashe*, 340 Pa. 286, 17 A.2d 190 (1941) that where distinct crimes grew out of the same transaction, differing merely in degree, only one penalty could be imposed after conviction. See also *Commonwealth v. Nelson*, 452 Pa. 275, 305 A.2d 369 (1940). ·However, it is clear that the doctrine of merger would apply equally where defendant is convicted of more than one offense arising out of the same act even were they all equal in degree and none "lesser" or "greater." In *Commonwealth v. Ayala*, 492 Pa. 418, 424 A.2d 1260 (1981), the Commonwealth attempted to argue that the doctrine would not apply to sentencing for several equal offenses. The Court held:

> "[A] test for merger based upon offenses' various classifications and their respective degrees within those classes has no basis in precedent or logic." *Id.*, 492 Pa. 422–23, 424 A.2d at 1263.

The test, the Court held, is whether any additional facts are required to prove a second offense once the first offense is established. See also *Commonwealth v. Jackson*, 271 Pa.Super. 131, 412 A.2d 610 (1979).

In holding that it was error to impose concurrent sentences for both theft by unlawful taking and retail theft in *Commonwealth v. Boerner*, 281 Pa.Super. 505, 422 A.2d 583, 589 (1980), the court stated:

> "[B]oth convictions arose out of a single act of theft of the diamond ring. Once proof of the theft by unlawful taking was complete, so was proof of the retail theft, and vice-versa."

Therefore, the two crimes merged for sentencing purposes.

■ In the instant case, there is no doubt that appellant was charged with committing but one act—that of a stabbing Wilson in the stomach—and the various charges had to

at a single trial, double jeopardy prevents the court from exceeding its legislative authorization by imposing multiple punishments for the 'same offense.' " *id.* 426 A.2d at 572 (citations omitted).

do with the legal interpretation of that act. Therefore, he could be sentenced for but one offense.

The rule is that the defendant found guilty of several offenses for one act shall be sentenced for the greatest offense of which he is convicted. In the present instance, the sentencing judge, without examination of the statutes [4] or circumstances,[5] and on the word of the prosecutor alone, viewed the two offenses as both being misdemeanors of the second degree; and as being equally "serious" offenses.

Simple assault has been held to be a lesser offense than recklessly endangering another person for purposes of merger even in circumstances where there was no showing of factors tending to reduce the simple assault grading. In *Commonwealth v. Cavanaugh*, 278 Pa.Super. 542, 420 A.2d 674, 676 (1980), the court held that the appellant had been improperly sentenced in that sentence was imposed for each of three offenses arising out of but one act. The court stated:

> "Applying the doctrine of merger, we find that simple assault merges into ... recklessly endangering another person. Simple assault is defined as conduct by which one 'attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another.' 18 Pa.C.S. § 2701(a)(1). The elements of this offense are necessarily included in the crime of ... reckless endangering another person, which is defined as conduct by which one 'recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury,' 18 Pa.C.S. § 2705."

Furthermore, in the instant case, there were present factors which clearly tended to reduce the grade of the simple

---

**4.** 18 Pa.C.S. § 2701 and see note 1, *supra*, and 18 Pa.C.S. § 2705.

**5.** In light of the reduced grade of the crime of simple assault where the act is found to have been committed in a fight entered into by mutual consent, this question should have been submitted to the jury under the circumstances of this case. Under the circumstances of this case, the jury clearly could have found Wilson to be the aggressor or to have at least consented to the fight.

assault to a misdemeanor of the third grade.[6]  Therefore, appellant could be sentenced only on the conviction of recklessly endangering another person.  The sentence imposed on this charge was a minimum of nine months and a maximum of two years from April 17, 1980.

## FAILURE TO FOLLOW THE SENTENCING CODE

Although somewhat inartfully worded, this pro se appellant raises the issue of whether the sentencing judge observed the mandates of the Sentencing Code[7] and Chapter 1400 of the Pennsylvania Rules of Criminal Procedure.  We find that he did not.

■ Within the statutory mandates, the trial court is accorded broad discretion in the sentencing process.  When exercised in accordance with the statutory guidelines, the discretion of the court will not be disturbed absent a showing of manifest abuse.  See generally *Commonwealth v. Landi*, 280 Pa.Super. 134, 421 A.2d 442 (1980); *Commonwealth v. Butch*, 487 Pa. 30, 407 A.2d 1302 (1979); *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978) and *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976).

■ At the threshold, this court must be able to determine that the sentencing judge in fact exercised discretion: *Commonwealth v. Kostka, supra; Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion).  Following *Kostka* and *Riggins*, the Legislature amended the Sentencing Code at 42 Pa.C.S. § 9721(b) (and see Pa.R.Cr.P. 1405(b)) to require, as did those decisions, that the sentencing judge

> ". . . make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."

Nowhere in the transcript of sentencing hearing (or in his opinion) does the judge in the instant case reveal any reason, other than his belief that they are within permissible maxi-

**6.**  See notes 1 and 5, *supra*.

**7.**  42 Pa.C.S. § 9701 et seq.

mums, for the sentence imposed. Finally, there is no showing that the sentencing judge even considered, let alone gave weight to, the standards set forth at 42 Pa.C.S. § 9721 of the Sentencing Code or the factors mandated for consideration at 42 Pa.C.S. § 9722 through § 9725 of the Sentencing Code. Such failure to exercise discretion within the statutory mandates is reversible error.

## DISPOSITION

The judgment of sentence for simple assault is set aside.

Were the only error on the record the failure to sentence in accordance with the doctrine of merger, the sentence for the remaining offense would normally be affirmed. However, in light of the record failure of the sentencing judge to exercise discretion in accordance with the applicable statutes and rules, we remand for resentencing on the charge of recklessly endangering another person, Criminal Information No. 1243.2 of 1980, in accordance with this opinion.