499 A.2d 1096

**COMMONWEALTH of Pennsylvania**

v.

**Rudolph J. KOZRAD, Appellant.**

Superior Court of Pennsylvania.

Argued June 5, 1985.

Filed Oct. 25, 1985.

Wayne R. Cromie, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and TAMILIA, JJ.

BROSKY, Judge:

This is an appeal from the judgment of sentence imposed after a jury found appellant guilty of Driving a Vehicle While Under the Influence of Alcohol (two counts), Homicide by Vehicle, Homicide by Vehicle While Driving Under the Influence, Involuntary Manslaughter, and Recklessly Endangering Another Person. Appellant was sentenced to undergo imprisonment for not less than three nor more than six years for the charge of Homicide by Vehicle While Driving Under the Influence. Appellant also received a

separate, concurrent sentence of 11½ to 23 months for Involuntary Manslaughter. Appellant raises five issues for our determination:[1] whether sufficient evidence was produced to support appellant's convictions; whether the sentence imposed was unduly harsh and unconstitutional; whether 75 Pa.C.S. § 3735 is constitutional due to the strict liability it imposes; whether the trial court erred in refusing certain of appellant's objections to testimony and in denying certain of his requested jury instructions; and whether the trial court erred in failing to strike three jurors for cause.

We have carefully reviewed the record and briefs submitted by counsel, as well as the opinion of the trial court, and find each of appellant's contentions to be without merit.[2] However, we find that the trial court erred by imposing separate sentences for Homicide by Vehicle While Driving Under the Influence[3] and Involuntary Manslaughter.[4] Therefore, we vacate the judgment of sentence for Involuntary Manslaughter.

 Although the illegality of sentence issue was not raised by appellant, it is required of this court to correct an illegal sentence *sua sponte. Commonwealth v. Ruffin,* 317 Pa.Super. 126, 463 A.2d 1117 (1983). We hold that for sentencing purposes the offenses of Involuntary Manslaughter and Homicide by Vehicle While Driving Under the Influence merge. The imposition of separate punishments for the merged offenses is "illegal". *Commonwealth v. Tolassi,* 303 Pa.Super. 177, 449 A.2d 636 (1982).

There are currently two tests for merger applied by the courts of this Commonwealth. The traditional and obvious

---

1. Appellant's Statement of the Questions Involved group his arguments into five categories. Elsewhere in his brief, appellant lists nineteen separate issues. However, these nineteen issues appear to be sub-issues of the five primary issues. We note this and direct counsel's attention to Pa.R.A.P. 2116.

2. Appellant's constitutionality arguments have been fully addressed in this court's recent opinion in *Commonwealth v. Hernandez,* 339 Pa.Super. 32, 488 A.2d 293 (1985).

3. 75 Pa.C.S. § 3735.

4. 18 Pa.C.S. § 2504.

test for merger is whether one crime necessarily involves the other; whether the essential elements of one are also the essential elements of the other. *Commonwealth v. Mitchell,* 319 Pa.Super. 170, 465 A.2d 1284 (1983). The second test for merger stems from the rule that "an individual can be punished only once for a single act which causes only one injury to the Commonwealth." *Commonwealth v. Schilling,* 288 Pa.Super. 359, 370, 431 A.2d 1088, 1093 (1981). The proper focus of the second test is on the number of injuries sustained by the Commonwealth from a given act. *Commonwealth v. Williams,* 344 Pa.Super. 108, 496 A.2d 31 (1985). Applying either test to the offenses in the instant case we find that they necessarily merge.

The crime of Involuntary Manslaughter in this case required proof that appellant engaged in doing an unlawful act (driving under the influence) "in a reckless or grossly negligent manner" and that his act caused the death of another. 18 Pa.C.S. § 2504. The proof required for Homicide by Vehicle While Driving Under the Influence was that appellant be convicted of 75 Pa.C.S. § 3731 (driving under the influence) and that such act was the cause of death of another. 75 Pa.C.S. § 3735. Thus, the essential elements of Homicide by Vehicle While Driving Under the Influence are necessarily established by proving the essential elements of Involuntary Manslaughter where the act giving rise to the charge of Involuntary Manslaughter is a violation of 75 Pa.C.S. § 3731. Therefore, under the traditional "elements" test, the two offenses must merge for sentencing purposes. *Cf. Commonwealth v. Houtz,* 496 Pa. 345, 437 A.2d 385 (1981), (holding that Involuntary Manslaughter and Homicide by Vehicle, 75 Pa.C.S. § 3732, merge).

Applying the "single injury" test for merger in the instant case leads to the same result. Appellant's single act of driving a vehicle while under the influence of alcohol was the direct cause of decedent's death in the instant case. While the facts do support the jury's verdict of guilty for both Homicide by Vehicle While Driving Under the Influence and Involuntary Manslaughter, appellant committed

but one act. More important is the fact that the Commonwealth sustained but one injury from appellant's single act. Therefore, punishment for both offenses is proscribed by the second test for merger.

As stated in this court's recent opinion in *Williams*, supra 344 Pa.Super. at 143, 496 A.2d at 50.

> In determining how many different "evils" are present in a given criminal act, the sentencing court should devote close attention to the language the Legislature has used and the scheme it has followed in defining offenses in the Crimes Code and other penal statutes. The court must also approach the question with a heavy dose of common sense.

In defining the offenses of Involuntary Manslaughter and Homicide by Vehicle While Driving Under the Influence, the Legislature clearly intended to protect its citizens from death directly caused by the unlawful acts of others.[5] Whether an individual is guilty of either offense or both, it is the death of a citizen that constitutes the injury suffered by the Commonwealth. Thus, we conclude that where there is one death, there is but one injury to the Commonwealth when an individual's act of driving under the influence leads to a conviction for both Homicide by Vehicle While Driving Under the Influence and Involuntary Manslaughter.[6]

Once we have determined that a sentence is illegal, we may remand for sentencing or vacate and amend the invalid sentence directly. *Commonwealth v. Hernandez,* 339 Pa.Super. 32, 488 A.2d 293 (1985). When crimes merge for sentencing purposes, the one for which a defendant may be sentenced is the most serious, i.e., the crime which carries the greatest maximum penalty. *Commonwealth v.*

---

5. 18 Pa.C.S. § 2504 also prohibits doing a lawful act in a reckless or grossly negligent manner which directly causes another's death.

6. Where more than one death results from a single act of driving under the influence, the Commonwealth suffers multiple injuries (see *Commonwealth v. Frisbie,* 506 Pa. 461, 485 A.2d 1098 (1984)), but, as to each victim, Involuntary Manslaughter and Homicide by Vehicle While Driving Under the Influence would still merge.

*Boerner,* 281 Pa.Super. 505, 422 A.2d 583 (1980). Because Homicide by Vehicle While Driving Under the Influence is graded a felony of the third degree and imposes a constitutionally valid, mandatory sentence which is greater than that which can be imposed for Involuntary Manslaughter (a misdemeanor of the first degree), we vacate the judgment of sentence for Involuntary Manslaughter. The judgment of sentence for Homicide by Vehicle While Driving Under the Influence is affirmed.