534 A.2d 101

COMMONWEALTH of Pennsylvania

v.

Leon WILLIAMS, Appellant.

Superior Court of Pennsylvania.

Argued May 12, 1987.

Filed Nov. 18, 1987.

Bruce L. Getsinger, Erie, for appellant.

Michael R. Cauley, Assistant District Attorney, Erie, for Com., appellee.

Before WIEAND, KELLY and POPOVICH, JJ.

KELLY, Judge:

Appellant, Leon Williams, appeals from judgment of sentence imposed following his conviction of aggravated assault, criminal attempt (robbery) and unlawful restraint. We affirm the convictions, vacate judgment of sentence and remand for resentencing on the aggravated assault and criminal attempt (robbery) convictions consistent with this opinion.

On May 30, 1986, at approximately six o'clock in the morning, sixty-one year old Mrs. Helen Bohun was walking her dog. At the corner of Eighth Street and Pennsylvania Avenue in Erie, Pennsylvania, Mrs. Bohun was attacked by appellant, who grabbed his victim from behind, threw her to the ground, beat her, and attempted to rob her. The victim struggled and screamed for help. Neighbors came to her assistance; appellant fled but was apprehended a short time later. Appellant was positively identified by Mrs. Bohun who had suffered: a broken nose; a fractured skull; a fractured foot; black eyes; various cuts, bruises, and abrasions; and psychological trauma. In a written statement, appellant confessed that he had attempted to rob Mrs. Bohun in order to get some money to buy alcohol.

On July 25, 1986, following an extensive guilty plea colloquy and execution of a written waiver form which also advised appellant of his rights, appellant entered a guilty plea to charges of aggravated assault, criminal attempt

(robbery), and unlawful restraint. The plea was accepted by the trial court. On September 5, 1986, appellant was sentenced to consecutive terms of imprisonment of five to ten years on the aggravated assault conviction, one and one-half to ten years on the criminal attempt (robbery) conviction and one and one-half to five years on the unlawful restraint conviction. Thus, appellant was sentenced to an aggregate term of eight to twenty-five years imprisonment. Appellant was also ordered to pay costs and directed to make restitution in the amount of one thousand one hundred sixty dollars and ten cents ($1,160.10), plus any future medical bills incurred by Mrs. Bohun as a result of treatment for her injuries. A motion to reconsider sentence was filed and denied. This timely appeal is now properly before this Court for disposition.

On appeal, appellant contends that: the consecutive sentences imposed are illegal in that the offenses merged for sentencing purposes; the sentencing court stated inadequate reasons for the sentence imposed, failed to consider mitigating factors, considered improper aggravating factors, and imposed an excessive sentence; and counsel was ineffective in failing to seek recusal of all the Erie County Judges based upon the fact that the victim was the mother of a deputy clerk in the Erie County Clerk of Courts office. We shall discuss these contentions, *seriatim*.

## I.

Appellant first contends that the consecutive sentences imposed are illegal because the offenses merge for sentencing purposes. Appellant argues that each of the offenses arise out of a single criminal transaction; specifically, that appellant grabbed the victim, threw her to the ground, beat her, and attempted to rob her. The Commonwealth responds that the offenses do not merge because each of the offenses vindicates a substantially different interest. We find that the aggravated assault and criminal attempt convictions do not merge for sentencing purposes, but that the unlawful restraint conviction does merge with

the aggravated assault and criminal attempt (robbery) convictions.

Recent decisions of this Court and our Supreme Court have fully and cogently expounded the nature and limits of the merger doctrine as it applies in Pennsylvania. *See Commonwealth v. Williams,* 514 Pa. 124, 522 A.2d 1095 (1987); *Commonwealth v. Sayko,* 511 Pa. 610, 515 A.2d 894 (1986); *Commonwealth v. Rhodes,* 510 Pa. 537, 510 A.2d 1217 (1986); *Commonwealth v. Taylor,* 362 Pa.Super. 408, 524 A.2d 942 (1987); *Commonwealth v. Williams,* 353 Pa.Super. 207, 509 A.2d 409 (1986); *Commonwealth v. Sparks,* 351 Pa.Super. 320, 505 A.2d 1002 (1986); *Commonwealth v. Campbell,* 351 Pa.Super. 56, 505 A.2d 262 (1986); *Commonwealth v. Adams,* 350 Pa.Super. 506, 504 A.2d 1264 (1986); *see also Commonwealth v. Williams,* 344 Pa.Super. 108, 496 A.2d 31 (1985) (distinguishing the merger doctrine from the double jeopardy proscription and tracing the history and development of the doctrine). It suffices for our purposes to summarize that the merger doctrine is limited to situations when each offense arises from the same criminal act or episode and each offense "necessarily involves" the other offense such that proof of the same acts is required to prove each crime; but, even when the offenses necessarily involve one another, they do not merge if the separate offenses vindicate substantially different interests.

To determine whether separate offenses arising from a single act involve substantially different interests, both the language of the particular statutes and the context in which the statutes appear in the Crimes Code must be considered. *See Commonwealth v. Sparks, supra,* 351 Pa.Superior Ct. at 324, 505 A.2d at 1004; *see also Commonwealth v. Williams, supra,* 514 Pa. at 135, 522 A.2d at 1100–01; *Commonwealth v. Taylor, supra,* 362 Pa.Superior Ct. at 417, 524 A.2d at 947; *Commonwealth v. Williams, supra,* 344 Pa.Superior Ct. at 129, 496 A.2d at 41–42. Moreover, the merger doctrine is not to be mechanically applied; rather, the question of whether the merger doctrine applies

should be approached with a heavy dose of common sense. *See Commonwealth v. Taylor, supra,* 362 Pa.Superior Ct. at 419, 524 A.2d at 947–48. "The question of merger will often turn on an appraisal of the precise facts of the case." *Commonwealth v. Taylor, supra,* 362 Pa.Superior Ct. at 418, 524 A.2d at 947, *quoting Commonwealth v. Williams, supra,* 344 Pa.Superior Ct. at 143, 496 A.2d at 50.

### A.

Appellant argues that under *Commonwealth v. Ayala,* 492 Pa. 418, 424 A.2d 1260 (1981), the aggravated assault and criminal attempt (robbery) convictions merge for sentencing purposes. The Commonwealth responds that *Commonwealth v. Ayala, supra,* does not control and that the convictions vindicate substantially different interests. We agree with the Commonwealth.

Initially, we note that appellant's reliance on *Commonwealth v. Ayala,* 492 Pa. 418, 424 A.2d 1260 (1981), is misplaced. In *Ayala,* our Supreme Court held:

... a conviction for aggravated assault where only one victim is involved, as here, will merge with a conviction for attempt to commit robbery for purposes of sentencing. Under the present facts, the act of criminal attempt to commit robbery necessarily involved the act of aggravated assault.

492 Pa. at 421–422, 424 A.2d at 1262. On its face, *Commonwealth v. Ayala, supra,* appears to control; however, the second prong of the current merger test—whether substantially different interests are protected by the statutes—was not adopted by our Supreme Court until after *Commonwealth v. Ayala, supra,* was decided. *See Commonwealth v. Sayko, supra,* 511 Pa. at 616, 515 A.2d at 897. Consequently, *Commonwealth v. Ayala, supra,* did not address and does not control resolution of the merger issue under the *current* merger test.

The issue of whether an aggravated assault conviction merges into a robbery conviction was considered more

recently in *Commonwealth v. Adams, supra,* wherein four Judges of a divided *en banc* panel reasoned:

Based on these facts, it appears that only one physical act was committed: appellant shot the bartender while trying to rob the bar. In *Commonwealth v. Ayala,* 492 Pa. 418, 421, 424 A.2d 1260, 1262 (1981), the Supreme Court stated that 'a conviction for aggravated assault where only one victim is involved ... will merge with a conviction for criminal attempt to commit robbery for purposes of sentencing.' Similarly, the aggravated assault would also merge with the completed crime of robbery where there is only one victim. See, *Commonwealth v. Nelson,* 337 Pa.Super. 292, 486 A.2d 1340 (1984).

It is also clear from the statutory language and the necessary elements of the aggravated assault and robbery offenses that the harm against which the legislature intended to protect by enacting the aggravated assault statute is part of the same harm against which the robbery statute is intended to protect: the infliction of bodily injury. See 18 Pa.C.S. §§ 2702(a)(1) and 3701(a)(1)(i)–(v). Although the elements of the crime of robbery and aggravated assault are not identical, those for the crime of robbery suggest that the purpose of the robbery statute is not only to protect private property interests, but also to protect against the infliction of bodily injury when one's property interest is being jeopardized. Because the only harm against which the crime of aggravated assault protects is actual or threatened physical bodily injury, and because this is one of the harms against which the robbery statute protects, the aggravated assault statute protects against the same harm as the robbery statute. Appellant's commission of both an aggravated assault and a robbery caused only one harm to the Commonwealth in this case and therefore the two crimes merged. Thus, appellant correctly argues that the two crimes merged for purposes of sentencing.

504 A.2d at 1269–70.

We do not find the reasoning expressed in *Common-*

*wealth v. Adams, supra,* controlling in the instant case.[1] In *Commonwealth v. Taylor, supra,* a panel of this Court reasoned:

> We agree with the court in *Commonwealth v. Adams, id.,* 350 Pa.Superior Ct. at 516, 504 A.2d at 1270, that the harm against which the Legislature intended to protect by enacting the aggravated assault statute is part of the same harm against which the robbery statute is intended to protect, i.e. protection against infliction of bodily injury. However, we also recognize that the robbery statute more specifically intends to punish those who threaten violence or resort to violent means in order to accomplish their goal of theft.
>
> * * *
>
> We also find that the aggravated assault statute and the robbery statute protect different interests of the Commonwealth as evidence by the fact the Legislature has classified them separately under 'Offenses Involving Danger to the Person' (Title 18, Part II, art. B), and 'Offenses Against Property' (*id.* art. C). *Commonwealth v. Williams, supra,* 344 Pa.Superior Ct. at 149, 496 A.2d at 51.

524 A.2d at 947–48. We agree with this distinction. The panel concluded:

> The rule of merger is not to be mechanically applied. After careful scrutiny of the particular facts of the case presently before the court, we decline to subsume a severe assault into a relatively minor robbery. By making the infliction of bodily harm an element of robbery, the Legislature could not have intended to prevent sen-

1. In *Commonwealth v. Adams, supra,* four judges agreed that appellant's commission of robbery and aggravated assault caused only one injury to a single protected interest and therefore the convictions merged. Another reasoned that the convictions merged because one necessarily included the other and that no inquiry into the interests protected by the separate offenses was required. Three judges disagreed and would have found separate successive criminal acts. As the decision was by plurality, it is not binding precedent on this issue.

tencing courts from directly punishing those who commit vicious and prolonged assaults.

524 A.2d at 948 (footnote citing cases omitted).

Though not prolonged, the assault in the instant case was vicious; the elderly victim had her nose broken, and her skull and ankle fractured. Following the reasoning in *Commonwealth v. Taylor, supra,* we decline to subsume the more serious aggravated assault into the less serious criminal attempt (robbery).[2] We note that if the lesser criminal attempt (robbery) conviction were merged into the greater aggravated assault conviction, the property interests addressed by the robbery and criminal attempt statutes would remain unvindicated. For these reasons, we find that imposition of separate, consecutive sentences upon the aggravated assault and criminal attempt (robbery) convictions were legal.

### B.

Appellant argues further that the unlawful restraint conviction merged with the aggravated and criminal attempt (robbery) convictions for sentencing purposes. The Commonwealth responds that although the unlawful restraint conviction arises from the same criminal acts, the unlawful restraint conviction vindicates a substantially different interest and therefore does not merge. We agree with appellant regarding this contention.

The statute which prohibits unlawful restraint provides:

§ 2902. Unlawful Restraint.

A person commits a misdemeanor of the first degree if he knowingly:

    1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury, or

    2) holds another in a condition of involuntary servitude.

---

**2.** The relative seriousness of the offenses is clearly demonstrated by the fact that the aggravated assault conviction has an offense gravity score of 7, while the criminal attempt (robbery) conviction has an offense gravity score of 6. *See* 204 Pa.Code § 303.8.

18 Pa.C.S.A. § 2902. The instant case involves an unlawful restraint in circumstances exposing the victim to risk of serious bodily injury, rather than one involving conditions of involuntary servitude. *See Black's Law Dictionary* at 743 (5th Ed.1979) (defining involuntary servitude).

The Commonwealth concedes and the record confirms that appellant's unlawful restraint of the victim in the instant case was coextensive with the restraint occasioned by the aggravated assault and the criminal attempt (robbery). This situation should be contrasted with that in *Commonwealth v. Wojciechowski,* 285 Pa.Super. 1, 426 A.2d 674 (1981), wherein this Court held that rape and unlawful restraint convictions did not merge when they were predicated upon separate *successive* criminal acts. Instantly, the aggravated assault, criminal attempt (robbery), and unlawful restraint arose from the same criminal acts and the aggravated assault and criminal attempt (robbery) "necessarily included" the unlawful restraint involved such that proof of both the aggravated assault and the criminal attempt robbery required proof of the acts upon which the unlawful restraint conviction is predicated.

We must determine, therefore, whether the unlawful restraint conviction vindicates a substantially different interest from those interests vindicated by the aggravated assault and criminal attempt (robbery) convictions. We find that, under the facts of this case, it does not. The aggravated assault conviction and (to a lesser extent) the criminal attempt (robbery) conviction fully vindicate the Commonwealth's interest in protecting individuals from the risk of serious bodily injury and the type and degree of restraint which (in the instant case) the unlawful restraint conviction is intended to vindicate.[3] Therefore, the unlawful restraint conviction merges into the aggravated assault and criminal attempt (robbery) convictions for sentencing purposes.

**3.** If there had been a separate, successive restraint, a restraint different in kind or degree from that incident to the aggravated assault and the criminal attempt (robbery), or the "involuntary servitude" variety of unlawful restraint, a different result would have obtained. To this extent, our decision is limited to the facts of the instant case.

Consequently, we must vacate judgment of sentence on the unlawful restraint conviction. Because the sentence imposed on the unlawful restraint conviction may have affected the sentences imposed upon the other convictions, we vacate the entire judgment of sentence and remand for resentencing. *Commonwealth v. Goldhammer,* 512 Pa. 587, 517 A.2d 1280 (1986) (double jeopardy proscriptions do not prohibit resentencing in accordance with the trial court's original sentencing scheme where an appellate court had upset the scheme by vacating the sentence imposed on various related counts).

## II.

Appellant further contends that the sentencing court stated inadequate reasons for the sentence imposed, failed to consider mitigating factors, considered improper aggravating factors, and imposed an excessive sentence. These contentions are rendered moot by the disposition of appellant's first contention on appeal. We note that although the guidelines have since been amended, the guidelines in effect on the date of the offenses will still apply on remand. 204 Pa.Code § 303.1(d) (amendments apply to offenses committed 180 days or more after enactment).[4]

## III.

Finally, appellant contends that trial counsel was ineffective in failing to seek recusal of all the judges of the Erie County Court of Common Pleas. Appellant argues that recusal should have been sought for sentencing proceedings

---

**4.** We note that we rely upon the guideline provision cited, and not the recent decision in *Miller v. Florida,* — U.S. —, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (application of amendments increasing guideline ranges to crimes committed prior to enactment violated proscription on *ex post facto* laws). The Florida guidelines were deemed to be substantive rather than procedural, and presumptive rather than advisory, based upon the fact that no reasons needed to be given for a sentence inside the guideline range and that deviation from the guidelines had to be based on clear and convincing reasons proven beyond a reasonable doubt. We note that in these crucial respects the Florida and Pennsylvania Guidelines differ. *See Commonwealth v. Darden,* 366 Pa.Super. 597, 607–609, 531 A.2d 1144, 1149–50 (1987).

because the victim was the mother of a deputy clerk of the clerk of court's office. This contention has also been rendered moot by our disposition of appellant's first contention. If appellant desires to seek recusal on remand, he may do so. It will then be for the sentencing judge to determine whether appellant's allegations raise a reasonable inference of potential for bias or prejudice. *See Municipal Publications v. Court of Common Pleas*, 507 Pa. 194, 489 A.2d 1286 (1985); *see also Commonwealth v. Bonaparte*, 366 Pa.Super. 182, 194, 530 A.2d 1351, 1356 (1987).[5]

## Conclusion

Based on the foregoing, the convictions are affirmed, judgment of sentence is vacated, and the case is remanded for resentencing consistent with this opinion.

WIEAND, J., files a concurring and dissenting statement.

WIEAND, Judge, concurring and dissenting statement:

I agree with the majority that appellant's conviction for aggravated assault did not merge for sentencing purposes in his conviction for attempted robbery. I am unable to agree, however, that his conviction for unlawful restraint merged for sentencing purposes in his convictions for aggravated assault and attempted robbery.

First, it is significant for purposes of determining the merger issue that the crime of unlawful restraint, as defined at 18 Pa.C.S. § 2902(1),[1] contains the element of

---

**5.** We decline to address the underlying merits of this issue in the first instance on appeal via an ineffective assistance claim when the issue may properly be presented in the trial court on remand. Our disposition of this issue should, however, in no way be considered as expressing any opinion on the merits of the issue.

**1.** The crime of unlawful restraint is defined at 18 Pa.C.S. § 2902(1) as follows:

A person commits a misdemeanor of the first degree if he knowingly:

(1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury; or

. . . . .

restraint. The element of restraint is not required for a conviction of aggravated assault or robbery. See: *Commonwealth v. Campbell,* 351 Pa.Super. 56, 505 A.2d 262 (1986) (whether statutes defining offenses contain different elements is to be considered in determining whether the offenses merge).

Secondly, the crime of unlawful restraint protects a separate and distinct interest of the Commonwealth. See: *Commonwealth v. Williams,* 344 Pa.Super. 108, 496 A.2d 31 (1985) (en banc). The primary purpose of the legislature in making restraint unlawful was to create a crime between kidnapping and false imprisonment and to protect the right of citizens to move freely without restraint that would expose them to the risk of serious injury. Robbery and aggravated assault do not protect against the same harm. Robbery is designated as a crime against property committed under circumstances exposing the victim to the danger of bodily injury; and aggravated assault is intended to protect citizens against assaultive behavior likely to inflict serious bodily injury upon them.

Under these circumstances, the offense of unlawful restraint should not be held to merge for sentencing purposes in the crimes of aggravated assault and attempted robbery merely because appellant committed what in effect was a single act. See: *Commonwealth v. Sayko,* 511 Pa. 610, 515 A.2d 894 (1986).

Because I also find no abuse of the sentencing court's discretion, I would affirm the judgment of sentence.[2]

2. I find no merit in appellant's contention that trial counsel was ineffective for failing to request all the judges of the County to recuse themselves for sentencing purposes because the victim was the mother of a county employee working in the Office of the Clerk of Courts.