## Commonwealth v. McFarland

*Thomas W. Minett* and *J. Craig Cox, assistant district attorneys,* for the Commonwealth.
*Phillip L. Clark Jr.,* for defendant.

PRATT, *J.* April 1, 1991 — Following a trial by jury, defendant Jeffrey McFarland was convicted of second-degree murder, 18 Pa.C.S. §2502(b); theft by unlawful taking, 18 Pa.C.S. §3921; burglary, 18 Pa.C.S. §3502; and two counts of robbery, 18 Pa.C.S. §3701. During the course of the sentencing proceeding, this court considered the doctrine of merger as it applies to sentencing and held:

"[T]he convictions of the two counts of robbery merge with each other. The crime of theft by unlawful taking merges with not only the robbery but also

with burglary. And . . . the two counts of robbery and theft merge with the murder two.'' Sentence proceeding at 15-6.

So the charges remaining for sentencing purposes were second-degree murder and burglary. *Id.* at 17. For second-degree murder, Jeffrey McFarland received a sentence of life imprisonment; for the burglary, the sentence was for a period of six and one-half to 13 years, to be served consecutive to the sentence imposed for second-degree murder. *Id.* at 17-8.

Before the court now is the defendant's motion to modify sentence. Counsel have stipulated that the two issues of the motion are: (1) whether all the lesser offenses (burglary being the only remaining lesser offense) merge into the offense of murder of the second degree, and (2) whether defendant has received the appropriate credit for time served. Defendant's motion to modify sentence at 2.

At this juncture the court will only address the issue having to do with the merger of the offenses. The issue concerning credit for time served will be addressed by the court at a later time. By stipulation of counsel, when adjudicated, both issues will be decided by the court upon the record without a hearing.

As to defendant's argument that the offenses of second-degree murder and burglary merge, we must disagree. Offenses may merge where one crime *necessarily involves* another offense. *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A.2d 920 (1941); *Commonwealth v. Olson,* 247 Pa. Super. 513, 372 A.2d 1207 (1977). ''[F]or one crime to necessarily involve another, the essential elements of one must be the essential elements of the other.'' *Commonwealth v. Eberts,* 282 Pa. Super.

354, 355, 422 A.2d 1154, 1155 (1980). This means "the two crimes were so intimately bound up in the same wrongful act that as a practical matter proof of one crime necessarily proves the other, so that they must be treated as the same offense." *Commonwealth v. Williams,* 344 Pa. Super. 108, 125, 496 A.2d 31, 40 (1985). Stated conversely, "where one statutory provision required proof of a fact which another does not, an act which is a violation of both provisions will constitute two separate offenses which do not merge." *Commonwealth v. White,* 341 Pa. Super. 261, 265, 491 A.2d 252, 254 (1985).

However, "even if the two crimes 'necessarily involve one another' they do not merge 'if there are substantially different interests of the Commonwealth at stake and the defendant's act has injured each interest." *Commonwealth v. Sparks,* 351 Pa. Super. 320, 324, 505 A.2d 1002, 1004 (1986). So for offenses to merge, we must "determine not only that the crimes arose out of the same criminal act, transaction, or episode, but also that the statutes defining the crimes charged were directed to substantially the same harm or evil." *Commonwealth v. Williams,* 344 Pa. Super. 108, 127, 496 A.2d 31, 41-2 (1985). What comes of all this is a two-prong test which ought to be applied with a large dose of common sense. *Commonwealth v. Williams,* 368 Pa. Super. 315, 534 A.2d 101 (1987).

In attempting to apply the two-prong test with common sense, we find defendant's case failing both parts of the test. His case fails the first part of the test because the statutory elements of burglary and second-degree murder are entirely distinct. A valid burglary conviction requires the defendant to have entered a certain, occupied place which was not open to the public and to have entered with the

intent to commit a crime in that place. 18 Pa.C.S. §3502. Second-degree murder, on the other hand, requires that a victim died at the hand of the defendant (or an accomplice) while that person was in the course of the commission of a felony (or attempting to escape from the scene of the felony), and the killing must have been done in furtherance of the felony and with malice. 18 Pa.C.S. §2502(b). The court feels the elements of these crimes are so patently different that to discuss their differences would be to squander the energy of the court and to insult the intelligence of the reader.

As we stated earlier, defendant's case also fails the second prong of the test. This is true because these two statutory proscriptions are directed toward protection from very distinct evils and they do not seek to safeguard the same interest. The gravamen of the proscription against burglary is to protect occupants of buildings from being terrorized by unlawful intrusions by uninvited dangerous individuals. Pa.S.S.J.I. (Crim.) 15.3502. The illegality of second-degree murder has evolved from the idea that life should not be allowed to be made less secure by defendants attempting to use violence to advance their other criminal pursuits or to make good their escapes from such pursuits. *Commonwealth ex rel. Smith v. Myers,* 438 Pa. 218, 261 A.2d 550 (1970). These interests are nearly as patently diverse as those between any other two criminal statutes.

While we have found no Pennsylvania case which squarely presented this issue to a court, we have uncovered something very near. In *Commonwealth v. Garnett,* the defendant did not attack the illegality of the sentence due to merger of the offenses, but, as illegality of the sentence can never be waived, the

Superior Court raised the issue on its own accord. *Commonwealth v. Garnett,* 336 Pa. Super. 313, 485 A.2d 821 (1984). Under the facts of that case, the court found the charges for recklessly endangering another person and risking and causing a catastrophe merged into an arson offense, leaving convictions for arson, burglary and second-degree murder remaining. *Id.* While a question of possible merger of the burglary and second-degree murder was not specifically raised or addressed, it is inconceivable to us that the Superior Court could have raised the issue of merger of offenses for sentencing purposes on its own initiative and then not have carried the matter to its logical conclusion.

Consequently, we have come to the conclusion that defendant's merger contentions are incorrect both by our own application of the proper test and by our observations of the actions of the Superior Court. Accordingly, we will duly deny this aspect of defendant's prayer for relief.

## ORDER OF COURT

PRATT, *J.,* April 1, 1991 — For the reasons contained in the [preceding] opinion, the court disposes of defendant's motion to modify sentence relative to the merger of offenses and, to that extent, denies the motion.

The court defers the remaining issue raised by the motion concerning credit for time served to allow counsel for both sides to resolve the matter or stipulate as to factual matters, upon which the court may then dispose of the motion in its entirety.

Counsel of record are directed to forthwith meet and attempt to resolve the issues of credit for time served and inform the court of any disposition thereof.