568 A.2d 296

**Thomas SANTO, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 13, 1989.

Decided Jan. 3, 1990.

Bruce E. Mattock, Asst. Public Defender, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

COLINS, Judge.

Thomas Santo (petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief.

On May 19, 1988, petitioner was released on parole from a four to eight year sentence for burglary, with a general condition that he refrain from using controlled substances; and, with a special condition that he enroll in and successfully complete an outpatient drug and alcohol program. On October 25, 1988, petitioner produced a urine specimen which tested positive for cocaine and was given a written warning. On November 16, 1988, petitioner once again produced a urine specimen which tested positive for cocaine and was warned again. On December 18, 1988, petitioner produced a third urine specimen which tested positive for cocaine. As a result, he was discharged from the outpatient drug treatment program for producing three urine specimens which were positive for cocaine.

On December 22, 1988, petitioner was arrested and charged with violating Condition 5(a) of his parole (use of a controlled substance) and Condition 6 of his parole (unsuccessful discharge from the outpatient drug and alcohol program). Petitioner waived his right to counsel and on December 28, 1988 was given a violation hearing, at which he admitted to both violations. Santo raised no objection to the fact that he had been charged with violating both a general parole condition and a special parole condition, although both violations arose from his use of cocaine.

The Board recommitted petitioner to serve six months for violating the general condition and six months for violating the special condition, for a total of twelve months. Petitioner's pro se petition for administrative review, filed with the Board on March 9, 1989, was denied and this appeal followed.

██  Petitioner submits that the Board erred in recommitting him as a technical parole violator for violation of two parole conditions that are so inter-related as to be duplica-

tions of one another. He requests that we reduce the recommital period from twelve months to six months.

Petitioner cites *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985). In *Rivenbark,* the Pennsylvania Supreme Court held that a parolee could not be recommitted as a technical and a convicted parole violator where the two violations arise from the same act—the conviction. *Rivenbark* is inapplicable here. Petitioner was found to have violated two of his parole conditions. He was not recommitted as a convicted parole violator. The recommital period assigned to both violations was within the presumptive range for either violation alone. There is no basis for modification of the Board's order.

■ Petitioner also relies on the doctrine of merger and cites *Commonwealth v. Mitchell,* 319 Pa. Superior Ct. 170, 465 A.2d 1284 (1983) and *Commonwealth v. Artis,* 294 Pa. Superior Ct. 276, 439 A.2d 1199 (1982). The doctrine of merger was applied in each of these cases on the basis that the sentences imposed resulted in double punishment and were unlawful. Pointedly, neither case involved recommitment of a parolee. Each case involved initial sentencing for the commission of a crime.

In *Rivenbark,* our Supreme Court addressed the contention that recommitment for separate periods of time based upon the same act violates the double jeopardy clause of the Fifth Amendment of the United States Constitution.[1] The Court pointed out that a parole revocation hearing is not a criminal prosecution and the granting and rescinding of paroles are purely administrative functions. It held that the two periods of recommitment were not multiple punishments for the same offense since a recommitment is not a second punishment for the original offense. Recommitment has no effect on the original sentence. Therefore, the Court concluded that the concept of double jeopardy has no

1. U.S. Const. amend. V. This clause has been made applicable to the states through the Due Process Clause of the Fourteenth Amendment. U.S. Const. amend. XIV § 1.

applicability to recommitment proceedings. Based upon *Rivenbark*, we must conclude that petitioner's reliance on the doctrine of merger, as based on the concept of double jeopardy, is in error.[2]

Having found no merit in either one of petitioner's contentions, we affirm the decision of the Board.

## ORDER

AND NOW, this 3rd day of January, 1990, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

2. The test for merger set forth in *Artis* is whether one crime necessarily involves the other. Here, it could be possible to use cocaine without being discharged from the outpatient drug and alcohol program and it could also be possible to be expelled from that program without using cocaine. Accordingly, were we to apply the doctrine of merger here, we would reach the same result.