Tyreek **ANDERSON**, Petitioner

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE**, Respondent.

**(Gary) Brian Saunders**, Petitioner

v.

**Pennsylvania Board of Probation and Parole**, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 30, 2004.
Decided Feb. 18, 2005.

John W. Packel, Philadelphia, for petitioners.

Arthur R. Thomas, Asst. Counsel, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, and SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Tyreek Anderson (Anderson) petitions for review of the February 23, 2004, order of the Pennsylvania Board of Probation and Parole (Board), which "returned" Anderson's administrative appeal because, in attaching and discussing an unreported opinion of this court, Anderson failed to present his administrative appeal with brevity. (Anderson C.R. at 71.) (Gary) Brian Saunders (Saunders) petitions for review of a separate February 23, 2004, Board order, which "returned" Saunders' administrative appeal for the same reason.[1] (Saunders C.R. at 66.) We reverse and remand.

Both Anderson and Saunders were paroled to community corrections centers (CCC) subject to general and special conditions. General Condition No. 2 prohibited them from changing their approved residences without written permission. Special Condition No. 7 required that they successfully complete drug and/or alcohol treatment at the CCCs. (Anderson C.R. at 27–28; Saunders C.R. at 24–25.)

Subsequently, the Board charged both Anderson and Saunders with two technical parole violations. The Board charged them with violating General Condition No. 2 because they left the CCCs, their approved residences, without authorization. The Board also charged them with violating Special Condition No. 7 because they were discharged from the treatment pro-

---

1. By order of this court, dated July 27, 2004, the petitions for review filed by Anderson and Saunders were consolidated for briefing and argument.

grams prior to successful completion after they left the CCCs without authorization. (Anderson C.R. at 38; Saunders C.R. at 32–33.)

At their violation hearings, Anderson and Saunders admitted having violated the two parole conditions but argued that both infractions resulted from the same behavior and, as a result, should be treated as one violation. In other words, Anderson and Saunders argued that the violations were duplicative. (Anderson C.R. at 48; Saunders C.R. at 43–44.) The Board rejected the argument, recommitting both Anderson and Saunders as technical parole violators (TPV) for multiple violations. (Anderson C.R. at 57; Saunders C.R. at 52.)

Anderson and Saunders filed petitions for administrative review with the Board. The petitions consisted of slightly more than one page of text, but Anderson and Saunders attached a ten-page, unreported opinion of this court to their petitions, viz., *Richardson v. Board of Probation and Parole,* (Pa.Cmwlth. No. 2986 C.D.2002, filed August 1, 2003). (Anderson C.R. at 58–69; Saunders C.R. at 53–64.) The Board rendered the following decision:

> [B]y attaching to [sic] and discussing this unreported opinion in your administrative appeal, you have failed to present [your] administrative appeal with brevity. 37 Pa.Code § 73.1(a)(3). Therefore, [your] administrative appeal is being returned.
>
> You may file another administrative appeal.... The Board must receive [your] administrative appeal within 30 days of the mailing date of this letter.

(Anderson C.R. at 71; Saunders C.R. at 66.)

<hr>

2. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are

Anderson and Saunders filed petitions for review with this court.[2] The Board filed a "Motion to Strike Petition for Review/Application for Stay" (Motion to Strike), asking this court to strike the petitions for review because the petitioners attached and cited an unreported decision, contrary to section 414 of the Internal Operating Procedures (IOP) of the Commonwealth Court. By order dated June 1, 2004, this court directed that the Motion to Strike be listed with the merits of the petitions for review.

## I. Motion to Strike

■ In its Motion to Strike, the Board argues that this court should strike the petitions for review because the petitioners attached and cited an unreported opinion in violation of section 414 of the IOP. We disagree.

Section 414 of the IOP provides, in pertinent part: "Unreported opinions of the court shall not be relied upon or cited by ... a party in any other action or proceeding, except that such a memorandum decision may be relied upon or cited when it is relevant under the doctrine of law of the case, res judicata, or collateral estoppel." 210 Pa.Code § 67.55.

It is true that Anderson and Saunders attached and cited *Richardson* to their petitions for review; however, that is not a proper basis for striking the petitions in their entirety. In *Lewinski v. Commonwealth,* 852 A.2d 1270 (Pa.Cmwlth.2004), and *Meier v. Maleski,* 167 Pa.Cmwlth. 458, 648 A.2d 595 (1994), the petitioners cited and quoted from unpublished opinions of this court. As a result, this court struck references to the opinions in the petition-

<hr>

supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

ers' briefs and declined to consider any arguments which the petitioners based solely on the unpublished opinions. *Id.*

Here, even if we were to strike references to *Richardson* and decline to consider the arguments based solely on *Richardson,* Anderson and Saunders also have cited *Gartner v. Pennsylvania Board of Probation and Parole,* 79 Pa.Cmwlth. 141, 469 A.2d 697 (1983), which bars the aggregation of recommitments for violations of two duplicative parole conditions.[3] (*See* petitioners' brief at 18–19; *see also* petitions for review at ¶ 8.)

Accordingly, we deny the Board's Motion to Strike.

## II. Brevity Requirement

█ The Board's regulation at 37 Pa. Code § 73.1(a)(3) states, "The failure of an appeal to present with accuracy, brevity, clearness and specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration will be a sufficient reason for denying the appeal."

As indicated above, the petitions in this case covered slightly more than one page of text. Certainly, then, Anderson and Saunders presented their factual and legal points with brevity. We do *not* agree with the Board that the attached opinion should be considered an extension of the parolees' presentation of their factual and legal points.[4] *Cf.* Pa. R.A.P. 2135(b) (stating that an opinion appended to an appellate brief shall not count against the page limitation for an appellate brief).

Accordingly, we reverse the Board's rejection of the administrative appeals based on lack of brevity. We also remand this case to the Board and order the Board to rule on the merits of the administrative appeals within ten days.

### ORDER

AND NOW, this 18th day of February, 2005, it is hereby ordered as follows:

(1) The orders of the Pennsylvania Board of Probation and Parole (Board), dated February 23, 2004, are reversed.

(2) The above-captioned consolidated cases are remanded to the Board for disposition of the administrative appeals within ten days of the date of this order.

(3) The Motion to Strike Petition for Review/Application for Stay is denied.

Jurisdiction relinquished.

---

3. In *Gartner,* the Board recommitted a parolee as a TPV for violating two conditions of parole, General Condition No. 9 (prohibiting ownership or possession of "any firearm, deadly weapon or offensive weapon") and Special Condition No. 11 (prohibiting possession or control of "any weapon"). *Id.* at 700. This court concluded that, logically, any violation of General Condition No. 9 would be a violation of Special Condition No. 11. This is because the words "any weapon" inherently include the "any firearm, deadly weapon or offensive weapon." *Id.*

  Here, as in *Gartner,* any violation of Condition No. 2 (prohibiting a change in an approved address without written permission) would be a violation of Special Condition No. 7 (requiring successful completion of a CCC treatment program). Obviously, a change in the approved address without written permission would result in expulsion from the CCC treatment program. This is because, during the period of the CCC treatment program, the CCC is the approved address.

4. We note that the Board allowed Anderson and Saunders an opportunity to re-file their administrative appeals within thirty days. However, the only purpose to be achieved by the re-filing of the administrative appeals would have been to delay the disposition of the appeals.