**John PETTY, Petitioner**

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 30, 2005.

Decided April 13, 2006.

Karl Baker, Philadelphia, for petitioner.

Arthur R. Thomas, Asst. Counsel and Victoria S. Freimuth, Chief Counsel, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY President Judge COLINS.

John Petty (Petty) petitions for review from a decision by the Pennsylvania Board of Probation and Parole that denied his application for administrative relief.[1] We affirm.

The pertinent facts follow. On July 19, 2004, the Board paroled Petty from a 6– to 15–year state prison sentence for robbery and criminal conspiracy. On September 13, 2004, Petty left his approved residence, the Coleman Center group home (Center), and did not return. This prompted the Center to expel him. Philadelphia police officers arrested Petty and a confederate in a stolen car containing a sawed off shotgun and drugs on January 21, 2005. Petty reported his address as 224 Ella Street in Philadelphia.

The Board originally recommitted Petty based on the above admitted parole violations. The violations included a general parole condition that forbade Petty from

---

1. The scope and standard of review for this Court's review of an action of the Board of probation and Parole is limited to a determination of whether the Board's findings are supported by substantial evidence, whether an error of law was committed, or whether any of the parolee's constitutional rights were violated. *Washington v. Pennsylvania Board of Probation and Parole,* 73 Pa.Cmwlth. 432, 458 A.2d 645 (1983).

changing his residence without permission and a special parole condition that required him to avoid expulsion from his group home. The Board recommitted Petty to serve 27 months of backtime.

Petty submits that the Board erred in recommitting him as a technical parole violator for violation of two parole conditions that are duplicative. He contends that a violation of one of the conditions would be a violation of the other condition. We disagree.

Petty's approved residence was the Center, and he was subject to a special condition that required him to successfully complete the termination program. General parole condition # 2 provides that a parolee must:

Live at the residence approved by the Board at release and not change residence without written permission of the parole supervision staff.

Special parole condition # 7 provides:

Removal or termination from the program for any reason other than successful completion is a violation of your parole.

Petty's assertion that the conditions are duplicative is incorrect. Parole supervision staff could have given Petty permission to change his residence before successful completion of the Center program, or Petty could have been discharged from the Center without actually changing his approved residence. The fact that he was removed from the program because he decided to leave and thus change his address does not mean that the two conditions are duplicative.

In *Santo v. Pennsylvania Board of Probation and Parole*, 130 Pa.Cmwlth. 340, 568 A.2d 296 (1990), petitioner was released on parole with a general condition that he refrain from using controlled substances; and a special condition that he enroll in and successfully complete an outpatient drug and alcohol program. Petitioner repeatedly tested positive for a controlled substance and was subsequently discharged from the outpatient drug and alcohol program. Petitioner admitted to both violations and was recommitted. Petitioner appealed asserting that the two parole violations were so inter-related as to be duplications of one another. This Court concluded that there was no basis for modification of the Board's order.

*Santo* is effectively the same case as the case *sub judice*. Petitioner in *Santo* was discharged for violations that would seem to be duplicative; however, it was entirely possible for the petitioner to be discharged from the program for some other reason than use of a controlled substance and it was possible for the petitioner to use a controlled substance without being discharged from the program. The same logic applies here.

Petty relies on the footnoted *dictum* in *Anderson v. Pennsylvania Board of Probation and Parole*, 868 A.2d 649, 652 n. 3 (Pa.Cmwlth.2005), in which we stated:

Here, as in *Gartner*, any violation of Condition No. 2 (prohibiting a change in an approved address without written permission) would be a violation of Special Condition No. 7 (requiring successful completion of a CCC treatment program). Obviously, a change in the approved address without written permission would result in expulsion from the CCC treatment program. This is because, during the period of the CCC treatment program, the CCC is the approved address.

To the extent that the facts in *Anderson* are similar to those in the present case, we disagree that violation of the general condition would automatically result in violation of the special condition as explained above. The fact that violation of one con-

dition *may* result in violation of another does not render the conditions duplicative. In *Gartner v. Pennsylvania Board of Probation and Parole,* 79 Pa.Cmwlth. 141, 469 A.2d 697 (1983), the general and special conditions were nearly identical, such that a violation of the general condition would necessarily be a violation of the special condition. The two technical parole violations in the present case are not so interrelated as to be duplications of one another.

Therefore, we affirm the Board.

## ORDER

AND NOW, this 13th day of April 2006, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.