IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alonzo R. Boyd,       :
    Petitioner    :
            :  No. 912 C.D. 2015
   v.        :
            :  Submitted:  December 4, 2015
Pennsylvania Board of Probation :
and Parole,       :
    Respondent   :


BEFORE: HONORABLE DAN PELLEGRINI, President Judge[1]
     HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH         FILED:  March 9, 2016


    Alonzo R. Boyd (Petitioner) petitions for review of the May 12, 2015 order of the Pennsylvania Board of Probation and Parole (Board), which denied his administrative appeal and affirmed its previous decision to recommit him as a convicted parole violator to serve forty-eight months backtime with a new parole violation maximum sentence date of April 12, 2024.

    The underlying facts of this case are not in dispute.  Petitioner was originally sentenced to a term of incarceration of eight years and six months to eighteen years following multiple drug convictions.  Petitioner's original maximum

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

sentence date was November 30, 2016. Following expiration of his minimum sentence, on July 30, 2007, Petitioner was released on parole to a community corrections center. Four days earlier, on July 26, 2007, Petitioner acknowledged receipt of a list of conditions governing his parole. In this list, the Board specifically advised Petitioner that should he be convicted of a crime on parole, it had the authority to recommit him, after a hearing, to serve the balance of his sentence with no credit for any time spent at liberty on parole. Petitioner later moved to Ohio, with the approval of the Board.

Nearly seven years later, on May 2, 2014, Petitioner was arrested in Ohio and later charged with two counts of drug possession. On September 6, 2014, Petitioner pled guilty to these new criminal charges. On September 25, 2014, Petitioner was sentenced to a term of incarceration of six months in Ohio, with credit for ninety-two days served. The Board, following notice from the Ohio authorities, issued a warrant to commit and detain Petitioner. Petitioner was returned to Pennsylvania on December 15, 2014, and incarcerated at the State Correctional Institution at Albion. Two days later, the Board provided Petitioner with a notice of charges and hearing relating to his new convictions. At that time, Petitioner executed a waiver of his right to a revocation hearing and counsel and admitted to his Ohio convictions.

By decision dated March 2, 2015, the Board recommitted Petitioner as a convicted parole violator to serve forty-eight months backtime and recalculated his parole violation maximum sentence date to be April 12, 2024. On March 30, 2015, Petitioner filed an administrative appeal challenging the length of his recommitment and his newly-calculated parole violation maximum sentence date, and alleging that the Board's recommitment violated his constitutional rights. More specifically,

2

Petitioner alleged that the Board's action violated the cruel and unusual punishment[2] and double jeopardy clauses[3] of the United States and Pennsylvania Constitutions and constituted impermissible detention beyond the terminate date of a judicially imposed maximum sentence, which equates to a violation of his constitutional right to due process.[4] Petitioner emphasized that he spent seven years on parole in "[g]ood [f]aith [s]tanding" and was never "delinquent or on the run." (Record at Item No. 5.)

By decision dated May 12, 2015, the Board denied Petitioner's administrative appeal. Citing section 6138(a)(2) of the Prison and Parole Code (Parole Code),[5] the Board explained that Petitioner, as a convicted parole violator, automatically forfeited credit for all of the time that he spent on parole. The Board did not address Petitioner's constitutional arguments. Petitioner subsequently filed a petition for review with this Court reiterating his previous allegations.

We first address Petitioner's argument that the Board erred in recommitting him as a convicted parole violator to serve forty-eight months backtime.[6] The Board concedes in its brief to this Court that such recommitment was

---

[2] U.S. CONST. amend. VIII; PA. CONST. art. I, §13.

[3] U.S. CONST. amend. V; PA. CONST. art. I, §10.

[4] U.S. CONST. amend. XIV, §1; PA. CONST. art. I, §1.

[5] This section states that a convicted parole violator "shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and . . . shall be given no credit for the time at liberty on parole." 61 Pa.C.S. §6138(a)(2).

[6] Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings are supported by substantial evidence. *Prebella v. Pennsylvania Board of Probation and Parole*, 942 A.2d 257, 259 (Pa. Cmwlth. 2008).

3

not within the proper presumptive range. The Board notes that Petitioner's Ohio convictions would be comparable to the offense of possession of a controlled substance in Pennsylvania, which carries a presumptive range of only three to six months. The Board requests that this issue be remanded for the issuance of a new recommitment term that is within the presumptive range. This Court grants the Board's request.[7]

We next address Petitioner's constitutional arguments. Petitioner alleges that the Board's action in extending his parole violation maximum sentence date infringes upon his constitutional protections against cruel and unusual punishment and double jeopardy, as well as his right to due process. However, these arguments have been consistently rejected by both the Pennsylvania Supreme Court and this Court. *See*, *e.g.*, *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980); *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843 (Pa. 1979); *Santo v. Pennsylvania Board of Probation and Parole*, 568 A.2d 296 (Pa. Cmwlth. 1990); *Epps v. Pennsylvania Board of Probation and Parole*, 565 A.2d 214 (Pa. Cmwlth. 1989); *Monroe v. Pennsylvania Board of Probation and Parole*, 555 A.2d 295 (Pa. Cmwlth. 1989).

Accordingly, the order of the Board, insofar as it affirmed its previous order recommitting Petitioner to serve forty-eight months backtime is vacated and this matter is remanded to the Board for the issuance of a new recommitment term

---

[7] We note that Petitioner has not raised any challenge to the Board's denial of credit under section 6138(a)(2.1) of the Parole Code, 61 Pa.C.S. §6138(a)(2.1), which grants the Board discretion to award a convicted parole violator credit for time spent on parole if the new conviction is for a non-violent offense, does not relate to registration for sexual offenders, and the parolee was not subject to deportation under a federal removal order.

that is within the applicable presumptive range.[8]  In all other respects, the Board's order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[8] Given the Board's concession that the applicable presumptive range for each count was only three to six months, and the fact that Petitioner has been incarcerated solely on the Board's warrant and recommitment order since December 15, 2014, which would already exceed the maximum presumptive recommitment range, we expect that the Board will act expeditiously in correcting this matter.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alonzo R. Boyd,                          :
                Petitioner              :
                                   :    No. 912 C.D. 2015
            v.                      :
                                   :
Pennsylvania Board of Probation          :
and Parole,                              :
                Respondent              :

## *__ORDER__*

AND NOW, this 9th day of March, 2016, the order of the Pennsylvania Board of Probation and Parole, dated May 12, 2015, is vacated and remanded in part and affirmed in part consistent with this opinion.

      Jurisdiction relinquished.

                                _____
                                PATRICIA A. McCULLOUGH, Judge