# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rayetta Lee, : 
            Petitioner    :
                          :
            v.            :   No.  926 C.D. 2017
                          :   SUBMITTED:  November 9, 2017
Pennsylvania Board of Probation :
and Parole,               :
            Respondent    :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  January 30, 2018**


Petitioner, Rayetta Lee, petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) dismissing as untimely her request for administrative review of her parole violation maximum sentence date.  In addition, Petitioner's counsel, Allison J. Rice, Esquire, petitions for leave to withdraw her representation, asserting that Petitioner's request is both untimely and without merit.  After review, we grant counsel's petition and affirm the Board's determination to dismiss Petitioner's request as untimely.

By way of pertinent background, we note the following.  After her May 2011 parole from a May 2005 five-to-ten year concurrent sentence for aggravated assault with serious bodily injury, criminal attempt, and criminal homicide, Petitioner, once again, was sentenced to five-to-ten years of imprisonment for

aggravated assault in July 2015. (Certified Record (C.R.), Item No. 1 at 1-3, Item No. 10 at 63-65, and Item No. 17 at 156.) As a result of her new conviction and prior parole failure, the Board recommitted Petitioner to a state correctional institution as a convicted parole violator to serve two years and five months of backtime and recalculated her parole violation maximum date as December 11, 2017. (*Id.*, Item No. 17 at 151 and 153.)

As an initial matter, before this Court can consider the merits of Petitioner's petition for review, we must first address counsel's petition for leave to withdraw and determine whether she has satisfied the requirements that appointed counsel must meet before leave to withdraw may be granted. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In that regard, the following is well established:

> A court-appointed counsel who seeks to withdraw representation because issues raised by the petitioner are frivolous must fulfill the following technical requirements: (1) he must notify parolee of [the] request to withdraw; (2) he must furnish parolee with a copy of an *Anders* [*v. California*, 386 U.S. 738 (1967)] brief or no-merit letter; and (3) he must advise parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration.

*Banks v. Pa. Bd. of Prob. & Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003) (footnote omitted). Further, "[c]ounsel's brief or no-merit letter must set forth: (1) the nature and extent of his review of the case; (2) the issues the parolee wishes to raise on appeal; and (3) counsel's analysis concluding that the appeal has no merit and is frivolous." *Encarnacion v. Pa. Bd. of Prob. & Parole*, 990 A.2d 123, 126 (Pa. Cmwlth. 2010) (citations omitted). Where, as here, there is no constitutional right to counsel, counsel may satisfy his or her obligations by filing a no-merit letter

and the standard is whether the claims on appeal are without merit.[1] *Seilhamer*, 996 A.2d at 42 n. 4.

Upon review of counsel's petition and accompanying no-merit letter, it is clear that she satisfied both the procedural and substantive requirements necessary to withdraw as appointed counsel. With regard to the procedural requirements, counsel: (1) notified Petitioner of her request to withdraw as appointed counsel; (2) furnished Petitioner with a copy of counsel's petition to withdraw and no-merit letter in support of that petition; and (3) advised Petitioner of the right to retain new counsel, to proceed *pro se*, and to raise any additional issues that Petitioner deems worthy of review by this Court. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). Further, in her no-merit letter, counsel set forth: (1) the nature of her review of the case; (2) the issues that Petitioner sought to raise in her *pro se* petition for review; and (3) an explanation as to why counsel believed that each issue was without merit, specifically addressing Petitioner's reliance on our distinguishable memorandum decision in *Boyd v. Pa. Bd. of Prob. & Parole*, (Pa. Cmwlth., No. 912 C.D. 2015, filed March 9, 2016).[2] In addition, counsel explained why the Board determined that Petitioner's appeal was untimely. Accordingly, we grant counsel's petition for leave to withdraw as counsel and proceed to the merits of Petitioner's petition for review.

---

[1] Pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), counsel aiming to withdraw from the representation of a petitioner who seeks review of a Board determination must proffer a "no-merit" letter detailing the nature and extent of counsel's review and listing the discrete issues that the petitioner wishes to raise, with counsel's reasons why those issues lack merit.

[2] Contrary to Petitioner's assertions, *Boyd* does not support her position. In *Boyd*, we rejected the same constitutional arguments raised herein, *i.e.*, that the Board's extension of a parole violation maximum sentence date infringed upon an inmate's constitutional protections. In addition, we only remanded in *Boyd* for issuance of a new recommitment term within the correct presumptive range because his Ohio convictions were comparable to the offense of possession of a controlled substance in Pennsylvania and carried a shorter presumptive range.

Turning first to the timeliness issue, we note that the regulation governing the administrative appeal period, in pertinent part, provides: "Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination." 37 Pa. Code § 73.1(b)(1). Here, the Board mailed its determination on September 21, 2015, and Petitioner did not file an administrative remedies form challenging her parole violation maximum date until January 2016.[3] (C.R., Item No. 17 at 153-54 and Item No. 18 at 158-60.) Accordingly, Petitioner's failure to file a timely appeal warrants dismissal. *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993).

Moreover, Petitioner's underlying grounds for appeal, primarily that the Board's extension of her parole violation maximum sentence date violated her constitutional protections against cruel and unusual punishment, double jeopardy, and due process, are without merit. As counsel observed, both the Pennsylvania Supreme Court and this Court have consistently rejected these arguments. *See, e.g.*, *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 570 (Pa. 1980); *Young v. Pa. Bd. of Prob. & Parole*, 409 A.2d 843 (Pa. 1979); *Santo v. Pa. Bd. of Prob. & Parole*, 568 A.2d 296 (Pa. Cmwlth. 1990); *McClure v. Pa. Bd. of Prob. & Parole*, 461 A.2d 645, 647 (Pa. Cmwlth. 1983). Accordingly, consistent with Section 6138(a)(2) of the Prisons and Parole Code (Code), *as amended*, 61 Pa. C.S. § 6138(a)(2), providing that the convicted parole violator "shall be given no credit for the time at liberty on parole[,]" the Board did not err in recalculating Petitioner's parole violation maximum sentence date.[4]

---

[3] Subsequently, Petitioner also challenged her parole maximum date in administrative appeals dated April 7, 2017, and May 3, 2017. (C.R., Item No. 18 at 162-64 and 166-67.)

[4] The Board has discretion to award a convicted parole violator credit for the time served at liberty on parole, except where he or she is recommitted for the reasons stated in Section

For the foregoing reasons, we agree that Petitioner's appeal is both untimely and without merit. Accordingly, we grant Attorney Rice's petition to withdraw as counsel and affirm the Board's order denying Petitioner's request for administrative relief as untimely.

 

 

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

6138(a)(2.1)(i) of the Code. Further, it must articulate the basis for its decision to grant or deny credit for that time. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474 (Pa. 2017). Here, the Board cited Petitioner's prior parole failure and new conviction in support of its decision to recommit her for the unexpired term of her sentence. (C.R., Item No. 16 at 146.) In any event, it remains true that requiring convicted parole violators to forego credit for street time "does not offend the constitutional guarantees to the citizens of the state and this nation[,]" but instead, "represents a reasonable exercise of the [state's] penological responsibility . . . ." *Young*, 409 A.2d at 847.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rayetta Lee,                                    :
                   Petitioner      :
                                 :
                   v.                :    No.  926 C.D. 2017
                                 :
Pennsylvania Board of Probation     :
and Parole,                          :
                   Respondent      :

# **O R D E R**

AND NOW, this 30th day of January, 2018, Allison J. Rice, Esquire's petition to withdraw as counsel is hereby GRANTED and the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

                                   _____

                                   **BONNIE BRIGANCE LEADBETTER,**
                                   Senior Judge