J-A01044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LUIS T. GAUTHIER | |
| Appellant | No. 2327 EDA 2014 |

Appeal from the Judgment of Sentence July 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015241-2013

BEFORE:  LAZARUS, J., OTT, J., and STEVENS, P.J.E.*

MEMORANDUM BY LAZARUS, J.:                **FILED APRIL 11, 2016**

Luis T. Gauthier appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following a jury trial in which he was convicted of two counts of general impairment driving under the influence (DUI), including one count with refusal to submit to chemical testing.[1]  Upon review, we vacate the judgment of sentence and remand for resentencing.

The trial court summarized the relevant facts as follows:

[A]t approximately 2:15 a.m. on December 7, 2012, [Gauthier] recklessly operated a red Nissan Rogue [s]ports [u]tility [v]ehicle in West Philadelphia near the University of Pennsylvania school campus.  His vehicle illegally turned [in the] northbound direction [i]nto the oncoming traffic of the clearly

_____

[1] 75 Pa.C.S. §§ 3802(a), 3804(c).

*Former Justice specially assigned to the Superior Court.

marked one[-]way southbound busy 40th Street from Walnut Street. [Gauthier] inexplicably continued to drive in the wrong direction for at least two city blocks without making any U-turns or accessing available exits and obliviously ignor[ed] the blaring horns and bright lights from other oncoming vehicles. Philadelphia Police Officer Tertulien, who had been sitting in his marked patrol car waiting for his partner to exit from a nearby convenience store, watched [Gauthier] from the point of the illegal turn and responded immediately to stop him to prevent an inevitable accident.

After Officer Tertulien managed to direct [Gauthier] to park his automobile, he saw [Gauthier] sitting in the driver's seat appearing dazed and confused. "He looked like he didn't know where he was at . . . He looked sleepy . . . His eyes were watery." When [Gauthier] informed the officer that he had just come from Cavanaugh's Bar located just a few blocks away, his speech was slurred as he used "running sentences." Officer Tertulien smelled a strong odor of alcohol emanating from the automobile. Because the single front passenger of this vehicle also appeared inebriated, Officer Tertulien asked [Gauthier] to step out and walk in the fresh air to determine if the stench of alcohol emanated from [Gauthier].

Outside the vehicle[, Gauthier] independently reeked of alcohol and was so "wobbly and "unstable" that he couldn't walk. Upon correctly deducing that [Gauthier] was incapable of safely operating any vehicle, Officer Tertulien arrested Defendant Luis Gauthier for violating Section 3802(a)(1) of the Pennsylvania Motor Vehicle Code and called for a wagon to transport him.

After being transported to the Police Administration Building[, b]reathalyzer technician Philadelphia Police Officer Lackman gave [Gauthier] all of the relevant warnings and information concerning his rights and responsibilities and consequences of a driver's refusal to submit to chemical testing to detect alcohol inebriation. [Gauthier] knowingly refused to submit to any chemical testing of his breath that would detect and gauge his alcohol absorption levels. [Gauthier] signed the [a]ffidavit acknowledging his refusal and receipt of his rights and information concerning the consequences of his refusal.

Trial Court Opinion, 3/4/15, at 2-3.

On June 10, 2014, the trial court sentenced Gauthier to two concurrent terms of 90 days to 6 months' incarceration, to be served on weekends to permit his continued employment. Additionally, the court ordered Gauthier to pay fines totaling $5,000 and suspended Gauthier's driver's license for 18 months. Gauthier filed a timely notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Gauthier raises the following issue for our review:

> Whether the trial [c]ourt, in a DUI-general impairment prosecution under 75 Pa.C.S. § 3802(a)(1), erred when it "ad-libbed" in instructing the jury for the third time on this charge by over-emphasizing certain factors which were the cornerstones of the prosecution case without mentioning any of the countervailing arguments presented by the defense, thereby directing a verdict of guilty?

Brief for Appellant, at 2.

> When reviewing a trial court's jury instructions, we
>
> will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014) (citations omitted).

Instantly, the jury specifically requested that the term "general impairment" be defined in laymen's terms. The court conferred with both parties, and both agreed that the term "general impairment" was part of the

caption of the charge and was not an element of an offense that needed to be proven. Thus, the court instructed the jury that "general impairment" does not have a legal definition and is not an element of a crime. The court proceeded to re-read the standard charge[2] and supplemented it with a series of rhetorical questions to aid the jury in considering whether Gauthier had been incapable of driving safely. Gauthier's sole argument is that these questions improperly focused the jury's attention on the Commonwealth's theory of the case and amounted to a directed verdict in favor of the Commonwealth.[3] We disagree.

The instruction included the following:

THE COURT: The caption of the charge is called general impairment. That's not the definition of the charge.

The definition of the charge refers to driving under the influence of alcohol that renders someone incapable of safe driving. I'm going to go over the actual elements with you.

. . .

Let's focus on those elements. I'm going to go over that with you. In terms of giving you examples of what it means to not safely drive or things of that nature, you will have to rely on your own common sense. What does it take to drive safely[?]

_____

[2] The jury was provided the standard charge for general impairment DUI three separate times during the proceedings.

[3] Following oral argument on this matter, Gauthier filed a motion for leave to file a post-argument submission pursuant to Pa.R.A.P. 2501. However, because the proposed submission merely reiterates the arguments made in Gauthier's brief, we deny the motion.

Let me first tell you what the charge is. The defendant is charged with violating section 3802(a)(1) of the Pennsylvania Motor Vehicle Code. It makes it a crime to drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol. Such as the individual is rendered incapable of safe driving, operating or being in actual physical control of the movement of that car or vehicle.

To find the defendant guilty of that offense, you have to be satisfied two elements have been proven beyond a reasonable doubt.

One, the defendant drove or operated or was in physical control of the vehicle on a highway or traffic way.

Two, Commonwealth must prove that while the defendant drove, operated or was in physical control of the vehicle, he imbibed a sufficient amount of alcohol such that he was incapable [of] safely driving, operating or being in control of the movement of that vehicle.

Pennsylvania law states that the meaning of incapable of safe driving, it has a meaning. Frankly, it means the ordinary term you would think it would mean. The defendant doesn't have to be drunk or severely intoxicated or driving wildly or erratically to commit this crime. It's enough if the alcohol had substantially impaired the defendant's normal, mental or physical faculties that were essential to safe operation of a vehicle.

Now, you have to use your common sense to determine what normal, mental or physical capabilities are necessary to operate a car.

What do you need to operate a care safely? Do you need good judgment? Do you need to be able to be balanced?

MR. KELLY: Objection.

THE COURT: Noted.

Do you need to see clearly?

MR. KELLY: Objection.

THE COURT: I'm not saying this defendant. I'm not commenting on this case. I'm saying these are some things that you may wish to consider in terms of what do you need to be

rendered incapable of safe driving. What mental and physical faculties do you need to operate a car safely on the streets of Philadelphia?

That's what [is] at issue. In doing so, consider all the relevant evidence when deciding whether or not the defendant was under the influence to a degree that makes him incapable of safe driving. Among that evidence in this case, the Commonwealth contends the defendant refused to give a sample of his breath for testing.

. . .

Understand, the Commonwealth is not required to prove beyond a reasonable doubt that the defendant was drunk or severely intoxicated. Rather the Commonwealth must show the defendant was under the influence of alcohol to a degree which rendered him unfit to drive safely. Mental or physical condition which substantially impaired his judgment, clearness of intellect and any of the normal faculties essential to safe operation of an automobile.

Hopefully that helped you. Please understand you have to rely on your own common sense to be able to determine whether or not this defendant was rendered incapable of safe[ly] driving an automobile that early morning hour and whether or not alcohol was the root of the issue. The elements are what's important not the caption called general impairment.

N.T. Trial, 5/14/14, Vol. 2, 21-26.

Upon considering the trial court's full instructions to the jury in context, we agree with the trial court that the

questions posed and comments made were completely in accord with the Pennsylvania Suggested Standard Criminal Jury Instructions which direct[] the jury to consider "What were the defendant's thinking, judgment, physical skills, ability to perceive and react to changes in the situation, or other faculties impaired?" [Pennsylvania Suggested Standard Criminal Jury Instructions § [ 17.3802(h).]

. . .

> The[] hypothetical questions were neutral and did not include any comment concerning the opinion of the [c]ourt regarding the evidence of the defendant's guilt.

Trial Court Opinion, 3/4/15, at 8-9. Considering the entirety of the foregoing, we discern no error on the part of the trial court in providing additional instructions to the jury.

Though we decline to grant Gauthier the relief he requests, we note that he was erroneously sentenced based upon two counts of general impairment DUI. The two counts Gauthier was charged with were based upon the same conduct, with one count including refusal to submit to chemical testing. In this circumstance, the two counts should have merged for sentencing purposes. *See Commonwealth v. Mobley*, 14 A.3d 887, 894 (Pa. Super. 2011) (stating in reference to DUI offenses that "[c]harging the identical criminal offense twice in the criminal information to indicate that one count is alleging that a breath test/blood test refusal transpired constitutes duplication of counts and creates possible double jeopardy implications if the individual is sentenced on each count.") Here, the trial court sentenced Gauthier based upon both counts, making the sentence illegal and requiring us to correct it. *See Commonwealth v. Kozrad*, 499 A.2d 1096, 1097-98 (Pa. Super. 1985) (Superior Court required to correct illegal sentence *sua sponte*).

Instantly, the trial court ordered Gauthier to serve his terms of incarceration for each count concurrently. However, it is unclear from the record whether the court fined Gauthier based upon one or both counts.

Thus, we vacate and remand for resentencing in accordance with this memorandum. *See Commonwealth v. Williams*, 871 A.2d 254, 266 (Pa. Super. 2005) (where ruling of this Court disturbed overall sentencing scheme, matter remanded to trial court for resentencing).

Judgment of sentence vacated. Remanded for resentencing. Jurisdiction relinquished.

OTT, J., Joins the memorandum.

STEVENS, P.J.E., Files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2016