J-S75025-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAY JUSTIN RICHTER | : | |
| | : | |
| Appellant | : | No. 859 WDA 2019 |

Appeal from the Judgment of Sentence Dated January 29, 2018,
in the Court of Common Pleas of Somerset County,
Criminal Division at No(s):  CP-56-CR-0000150-2016.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED JUNE 8, 2020**

Ray Justin Richter appeals, *nunc pro tunc*, from a judgment of sentence, after a PCRA[1] court vacated his original sentence and a trial court resentenced him to one-and-a-half to five years' incarceration.  We partially vacate and amend that sentence to award Richter credit for additional time served.

On January 23, 2016, Richter stole $321.13 from a Sheetz gas station at knife point.  Police arrested him five days later.  Richter stayed in jail until April 8, 2016, when he made bail.  He returned to jail on April 25, 2016, when, upon petition of the Commonwealth, the court revoked his bond and issued a bench warrant for Richter's arrest due to his failure to follow one of his conditions for bail – *i.e.*, to have no contact with his victims.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

He thereafter remained incarcerated, and plea negotiations ensued. The Commonwealth and Richter's attorney agreed, albeit incorrectly, that a deadly weapon enhancement would not apply to his robbery sentence, if Richter pleaded guilty to all charges. Richter therefore pleaded guilty on May 5, 2016 to robbery, driving under the influence, forgery, and two counts of theft.[2] After accepting those pleas, the trial court remanded him to jail to await sentencing, which occurred on July 6, 2016. At that point, Richter served a total of 144 days of presentence incarceration.

The court then sentenced Richter to four to ten years of incarceration for robbery, because, notwithstanding the parties' plea deal, it concluded that the deadly weapon enhancement applied. Additionally, the court sentenced him to three days to six months of incarceration for DUI, and six months to five years of incarceration for one theft charge.[3] It ordered Richter to serve the robbery and theft sentences consecutively. As such, Richter faced an aggregate sentence of 4½ to 15 years of imprisonment. The trial court also credited Richter 144 days for time served.

Richter filed no post-sentence motion, and he did not appeal.

---

[2] 18 Pa.C.S.A. § 3701(a)(1)(ii), 75 Pa.C.S.A. § 3802(d)(2), 18 Pa.C.S.A. § 4101(a)(1), and 18 Pa.C.S.A. § 3921(a). The convictions for driving under the influence, forgery, and thefts were at separate docket numbers from the events at the Sheetz.

[3] Although irrelevant to this appeal, Richter's original sentence also included two years of probation for the other theft charge and five years of probation for the forgery.

A year later, Richter filed a PCRA petition alleging ineffective assistance of counsel, regarding his plea and sentence. The PCRA court "found that, as a result of trial counsel's and the Commonwealth's mutual mistake of law regarding the [deadly weapon enhancement, Richter] was denied the benefit of the plea bargain he negotiated" on his robbery charge. Trial Court Opinion, 8/19/19, at 2. The PCRA court vacated the robbery conviction and allowed Richter to withdraw his guilty plea to that charge. However, the court left his other sentences undisturbed. *See id.* at 2-3.

The Commonwealth reinstated the charges arising from Richter's actions at the Sheetz – *i.e.*, robbery, terroristic threats with intent to terrorize another, simple assault, theft by unlawful taking, receiving stolen property, disorderly conduct, and aggravated assault. Richter then immediately pleaded guilty to aggravated assault.[4] The trial court then remanded him to prison until resentencing. In explaining its sentence, the court said:

> On January 29, 2018, [Richter] was sentenced [for aggravated assault] to incarceration in a State Correctional Institution for 18 months to 5 years, to be served concurrently with any other sentences [he] was presently serving. [Richter] was again granted credit for time served in presentence incarceration, totaling 144 days, from January 28, 2016 to April 8, 2016 and from April 25, 2016 to July 5, 2016.

Trial Court Opinion, 8/19/19, at 3.

---

[4] 18 Pa.C.S.A. § 2702(a)(4).

The trial court gave Richter no credit for the time he served between July 6, 2016 and January 29, 2018 towards his aggravated-assault sentence.

Eventually, the trial court reinstated Richter's appellate rights, *nunc pro tunc*, and ordered him to file a post-sentence motion. Richter filed the motion requesting the trial court to reconsider his sentence and give him credit for time served. The court denied both requests, and this timely appeal followed.

Richter raises two appellate issues:

1.      Whether the trial court erred in not crediting [him] with both the "presentence" incarceration he served in this case and the "post-sentence" incarceration he served in this case?

2.      Whether the trial court erred in not reconsidering the discretionary aspects of [his] sentence?

Richter's Brief at 3. We discuss each issue in turn.

*1.    Credit for Time Served*

First, Richter claims that the Sentencing Code required the trial court to credit him with time served from his original sentencing on January 28, 2016 through his resentencing on January 29, 2018. He believes the trial court should have credited him with two years and one day, which includes 2016's leap day in February, for a total of 732 days. ***See id.*** at 9. He argues the trial court should have applied 42 Pa.C.S.A. § 9760(2) and given him credit toward his aggravated-assault sentence for the time he served between his original sentence for the robbery and theft convictions and his aggravated-assault sentence.

A "trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence." *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004). "Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*." *Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 889 (Pa. Super. 2019), *appeal denied*, 221 A.3d 644 (Pa. 2019).

"Our Supreme Court has stated that an illegal sentence is one that exceeds the statutory limits." *Commonwealth v. Berry*, 877 A.2d 479, 482-83 (Pa. Super. 2005) (*en banc*) (quotations and citation omitted). This Court has said, "if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Id.* Thus, we have held that "a sentence is illegal where a statute bars the court from imposing that sentence." *Id.* at 483.

To determine whether Richter is entitled to additional time credit, we must construe section 9760 of the Sentencing Code. 42 Pa.C.S.A. § 9760. Section 9760 provides:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> (2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence, if he is later reprosecuted and resentenced for the same offense or for another offense

- 5 -

based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence

42 Pa.C.S.A. § 9760.

The trial court concluded that subsection (3), rather than subsection (2) or (3) applies to Richter's new sentence. The court explained:

For reasons discussed *infra*, we believe that [Richter] is not entitled to credit for the time he spent in incarceration since July 6, 2016. Granting such credit, we suggest, would violate the plain meaning of 42 Pa.C.S. § 9760(3)[.] [Section] 9760(3) makes clear that when a [defendant] serving multiple cases has one sentence set aside, credit for time served in relation to the sentence set aside shall be given *against the remaining sentences*.

Applying the plain meaning of the statute to the case *sub judice*, [Richter] is not entitled to the relief he claims. [Richter] was originally sentenced on July 6, 2016, wherein we ordered the incarceration sentences in No. 150 Crim. 2016 (4 years to 10 years) and 989 [Crim.] 2015 (6 months to 5 years) be served consecutively, resulting in an aggregate sentence of 4½ to 15 years. As a consequence of this Court's Order of October 27, 2017, the sentence in

> No. Crim. 2016 was vacated and the sentence in No. 989 Crim. 2015 became [Richter's] controlling incarceration sentence. It is toward the minimum and maximum terms of the sentence in No. 989 Crim. 2015 that [Richter's] credit for time served since July 6, 2016 must be applied. Consequently, we suggest [Richter] is not entitled to credit for time served in No. 150 Crim. 2016 beyond the 144 days this Court has already granted him.

Trial Court Opinion, 8/19/19, at 5-6 (citation omitted). The Commonwealth asserts that "the trial court's reasoning is sound." Commonwealth's Brief at 6.

The above rationale provided by the trial court, as adopted by the Commonwealth, misreads the plain language of Section 9760. The trial court's rationale does not account for the fact that Richter's sentence at No. 150 Crim. 2016 was not only set aside, but Richter was reprosecuted and resentenced at that docket. Therefore the plain language of subsection (2), *infra*, applies. *See*, *e.g. Commonwealth v. Diamond*, 546 A.2d 628, 631-32 (Pa. Super. 1988) (holding that, following new trial and second conviction for offense of risking a catastrophe, trial court erred in computing new sentence when thr court failed to credit the defendant, pursuant to section 9760(2), with time he had already served in custody on the prior sentence).

Stated differently, subsection (2) specifically deals with credit for time served for conduct arising from the same acts or acts, which is the circumstances presented in this case. Subsection (3), on the other hand, applies to sentences for separate prosecutions that arise from unrelated offenses, which is not applicable here. We read the plain language of

subsection (3) to apply whenever a person who is serving multiple sentences has one sentence set aside and that person is not reprosecuted or resentenced for the underlying crime. In such a situation, the person would not have a new sentence imposed upon which to receive credit for the time he already served, and, therefore, credit would be given on the remaining sentences. *See*, *e.g.*, *Commonwealth v. Bailey*, 392 A.2d 836, 836-37 (Pa. 1975) (concluding that defendant, whose homicide conviction was reversed, was entitled to time credit on his prison riot sentence).

Thus, Richter was entitled to additional credit for time he served under the prior sentence at No. 150 Crim. 2016 pursuant to section 9760(2). That being said, however, we note that Richter's math is incorrect. As mentioned above, he was *not* in continuous custody from his arrest on January 28, 2016 through his original July 6, 2016 sentencing. Thus, that period of time served totaled only 144 days. Due to this custodial gap in 2016, the most credit for time served that Richter may receive is 716 days, *i.e.*, not the full two years and a day that he requests in his appellate brief.

"Once we have determined that a sentence is illegal, we may remand for [re]sentencing, or [we may] vacate and amend the invalid sentence directly." *Commonwealth v. Kozrad*, 474, 499 A.2d 1096, 1099 (Pa. Super. 1985). We see no reason to remand, when we can modify the order of

sentence to credit Richter properly under Section 9760.[5]  Accordingly, we amend his sentence at the conclusion of this decision.

*2.    Discretionary Aspects of Sentencing*

In Richter's second appellate issue, he seeks to challenge the manner in which the trial court exercised its discretion in resentencing him.  A convicted person does not have an automatic right to appeal the discretionary aspects of his sentence.  ***See, e.g., Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010).  He must instead convince us to review those discretionary aspects.

This Court has articulated the following, four-part test to determine whether to consider the merits of such an appellate claim.  They are:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** (some punctuation omitted).

---

[5] We note that ***Commonwealth v. Goldhammer***, 517 A.2d 1280, 1283 (Pa. 1986) (holding that "remand to reconsider a sentence, where the disposition by an appellate court has altered the sentencing scheme of the trial court," is appropriate), does not apply.  There is no "sentencing scheme" on appeal for our decision to disrupt, because the PCRA court left Richter's other, original sentences intact.  Thus, Richter could only appeal his sentence for aggravated assault.  Appealing this single sentence did not cast the remainder of the now-final, original sentencing scheme into doubt.

Richter timely appealed, *nunc pro tunc*; he moved for reconsideration of the sentence; and he included a Rule 2119(f) statement in his appellate brief requesting that we grant discretionary review. Thus, he has satisfied the first, three prongs of our discretionary-aspects-allowance-of-review test.

We therefore consider the fourth prong — whether Richter raised a substantial question in his 2119(f) statement. Such a statement raises a substantial question "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Sierra***, 752 A.2d 910, 912-13 (Pa. Super. 2000).

Richter's statement does neither. He contends:

> It is submitted that there are sufficient, compelling, and substantial issues in this matter requiring appellate review of the discretionary aspects of the sentence imposed by the lower court. Specifically, [Richter] asserts that the unique procedural posture of this case, in which his sentence was vacated and he was sentenced again without getting the post-sentence time served credited, justified a reduced/mitigated sentence by the trial court. Furthermore, [he] presented several certificates and accomplishments he had made at the sentencing hearing in further support of a reduced sentence, as well as his young age of 25.

Richter's Brief at 8.

His first reason for requesting discretionary review is now moot, given our analysis and decision above.

As for Richter's other reasons for requesting discretionary review – *i.e.*, that he presented certificates showing progress towards reformation and his young age – these do not rise to the level of a substantial question under our precedents. "That the court refused to weigh the proposed mitigating factors as [Richter] wished, absent more, does not raise a substantial question." **Moury**, 992 A.2d at 175. Indeed, he cites to no authority in his 2119(f) statement to support a contention that the events of his sentencing constitute a substantial question. Also, Richter cites no specific provision of the Sentencing Code that the trial court allegedly misapplied. Nor does he otherwise contend that his resentencing was "contrary to the fundamental norms which underlie the sentencing process." **Sierra**, **supra**.

Therefore, Richter's application for review of the discretionary aspects of his sentence is denied.

In sum, because the trial court misconstrued the time-served-crediting provisions of 42 Pa.C.S.A. § 9760 and imposed an illegal sentence, we vacate that portion of Richter's sentence awarding only 144 days of credit at docket No, 150 Crim. 2016. Under **Kozrad**, **supra**, we amend that paragraph as follows: "The defendant is entitled to credit for time served against this sentence totaling 716 days, extending from January 28, 2016 to April 8, 2016 and from April 25, 2016 to January 28, 2018."

Judgment of sentence vacated in part; judgment of sentence affirmed as amended.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2020